David B. Gallik
Gallik Law Office, PLLC
1124 Billings Ave.
Helena, MT 59601
Phone:  406-443-0009
Email: dave@galliklaw.com

Attorney for Plaintiff, Molly Saksa

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MOLLY SAKSA, | |
| Plaintiffs, | CASE NO. |
| vs. | COMPLAINT FOR DISCRIMINATION |
| | Americans with Disabilities Act |
| | 42 U.S.C. §§ 12101, et. Seq, |
| CASCADE COUNTY MONTANA, SHERIFF'S OFFICE, | |
| | Trial By Jury Requested |
| Defendant. | |

**INTRODUCTION**

1. This is an action by the Plaintiff, Molly Saksa to enforce title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et. Seq, and its implementing regulations.  This action involves discrimination in employment due to the termination of Plaintiff, Molly Saksa's employment by Defendant, Cascade County because of Plaintiff's physical impairment that substantially limits one or more of her major life activities, as that term is defined in 42 U.S.C. 12102(2)(A).

## JURISDICTION

2. All of the acts and/or omissions alleged herein occurred in Cascade County Montana.

3. This Court has subject matter jurisdiction over this claim because they arise under the laws of the United States pursuant to 28 U.S.C. § 1331.

4. The Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 12112(5).

5. Venue lies in this District and this Division pursuant to 28 U.S.C. § 1391(b).

## PLAINTIFF

6. Plaintiff, Molly Saksa currently is, and at all times relevant herein was a citizen of the United States, residing in Great Falls, Montana.

7. At all times relevant herein, Plaintiff was a "qualified individual" as that term is defined in 42 U.S.C. §12111(8), and an employee of the Defendant, as that term is defined in 42 U.S.C § 12111(4).

8. Plaintiff at all times material hereto was an individual with a disability as that term is defined in 42 U.S.C. §12102(1), as the Plaintiff had a physical impairment that substantially limits one or more of her major life activities. There is a record of such impairment. Plaintiff was regarded as having such an impairment.

9. Plaintiff has complied with all prerequisites to bringing this action under the ADA. Plaintiff timely submitted a written charge that the Defendant engaged in an unlawful employment practice within the meaning of title VII, the ADA, in accordance with 29 CFR 1601.7 and 1601.12. Plaintiff received a "Notice

of Right to Sue" from the U.S. Department of Justice, Civil Rights Division, dated June 22, 2010, pursuant to 29 CFR 1601.28.

## DEFENDANT

10. Defendant, Cascade County Montana, Sheriff's Office, is and at all times relevant herein was a covered entity as that term is defined in 42 U.S.C § 12111(2) and was the employer of the Plaintiff, as that term is defined in 42 U.S.C. § 12111(5).

11. Defendant, Cascade County Montana, Sheriff's Office, is and at all times relevant herein was a public entity as that term is defined in 42 U.S.C. § 12131(1)(A).

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by the Defendant as a detention officer in May of 2005.

13. On March 23, 2007 Plaintiff injured her knee while performing the duties and functions of her job as a Detention Officer for the Defendant.

14. As a result of her on the job knee injury, the Plaintiff was off work on her physician's orders, due to her physical injury. The knee injury to the Plaintiff caused her to have a physical disability as that term is defined in 42 U.S.C. § 12102(1).

15. On April 11, 2007, Plaintiff provided Defendant with her physician's written orders recommending the Plaintiff return to work with light duty. Plaintiff requested an accommodation of being placed on light duty pursuant to her

physician's instructions. The Defendant granted this accommodation to the Plaintiff.

16. After continued treatment and evaluation of the Plaintiff's knee injury, in September of 2007, Plaintiff's physician recommended the Plaintiff undergo knee surgery.

17. After undergoing knee surgery in October of 2007, the Plaintiff requested, and was granted, Family and Medical Leave.

18. On February 12, 2008 Plaintiff was released by her treating physician to return to her employment with the Defendant as a detention officer, with light duty physician ordered restrictions.

19. Upon receiving a release to return to her employment on February 12, 2008, with light duty restrictions, Plaintiff requested an accommodation, for such physician ordered restriction of light duty.

20. On March 5 and 6, 2008, Defendant indicated that Plaintiff may have a disability that could require an accommodation, and requested Plaintiff's physician's assistance in determining if Plaintiff meets the criteria to be considered a covered individual as defined by the Americans with Disabilities Act.

21. In response to Defendant's inquiry about an accommodation for the Plaintiff in her employment, due to her physical disability, Plaintiff's physician indicated an accommodation of limited stair climbing and no take downs. Plaintiff's physician also suggested desk duty as an accommodation for the Plaintiff.

22. On or about April 11, 2008, Plaintiff's physician provided Plaintiff with a second release to return to her employment as a detention officer for the Defendant.  Although this physician ordered release to return to employment recommended light duty, this release had fewer restrictions on Plaintiff's employment activities than did the February 12, 2008 release.

23. On April 12, 2008, Plaintiff again requested an accommodation for her knee injury disability, in writing.  Plaintiff's accommodation request indicated several examples of other detention officers, with similar physical disabilities, who had previously been granted such an accommodation.  Plaintiff also provided specific duties of the essential job functions for the accommodation she requested.  Defendant again refused to provide Plaintiff with an accommodation to return to her employment as a detention officer for the Defendant.

24. On June 28, 2008 Defendant terminated Plaintiff's employment due to her knee injury physical disability.

## COUNT I

25. Plaintiff realleges paragraphs 1-24 of this Complaint as if fully set forth in this specific cause of action.

26. Defendant discriminated against Plaintiff on the basis of disability in the discharge of the Plaintiff and other terms, conditions, and privileges of her employment, in violation of 42 U.S.C. § 12112(a).

27. Defendant discriminated against Plaintiff on the basis of disability by not making reasonable accommodations to the known physical limitations of

Plaintiff, an otherwise qualified individual with a disability, who was an employee, in violation of 42 U.S.C. § 12112(b)(5)(A).

28. Defendant did not demonstrate that the accommodation would impose an undue hardship on the operation of the Cascade County Sheriff's Office.

29. Defendant discriminated against Plaintiff on the basis of disability by denying employment opportunities to Plaintiff, as an employee, who is an otherwise qualified individual with a disability, in violation of 42 U.S.C. § 12112(b)(5)(B).  Such denial was based on the need of Defendant to make reasonable accommodation to the physical impairments of the Plaintiff.

30. Defendant's providing the Plaintiff with the requested accommodation did not pose a direct threat to the health or safety of other individuals in the workplace.

31. Defendant did not demonstrate that "good faith" efforts were made to provide reasonable accommodation to the Plaintiff.

32. The Defendant's denial of the requested accommodation to the Plaintiff was not shown to be job- related nor was it consistent with the Defendant's business necessity.

33. Defendant did not show that the performance of Plaintiff's job as a detention officer could not be accomplished by reasonable accommodation, as required by the Americans with disabilities Act.

34. Plaintiff suffered damages as a result of the Defendants illegal discrimination against the Plaintiff on the basis of her physical disability.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff, demands judgment against Defendant, as follows:

1. For Plaintiff's back pay as a Cascade County Detention Officer, from June 28, 2008 to the date of entry of judgment herein;

2. For Plaintiff's front pay as a Cascade County Detention Officer, from the date of entry of judgment herein;

3. For a reasonable accommodation and reinstatement of Plaintiff's employment;

4. For Plaintiff's mental anguish and inconvenience in an amount to be proven at trial;

5. For Plaintiff's reasonable attorney's fee, including litigation expenses, and costs;

6. For such other and further relief that will make the Plaintiff whole, pursuant to proof;

7. For such other equitable relief as the Court deems appropriate.

Dated this 14th day of September, 2010.

/s/ David B. Gallik
David B. Gallik
Attorney for Plaintiff

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated this 14th day of September, 2010.

/s/ David B. Gallik
David B. Gallik
Attorney for Plaintiff